**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLORADO**

Civil Action No. 14-cv-03130-WYD-CBS

WILLIAM WRIGHT,

      Plaintiff,

v.

XCEL ENERGY SERVICES INC.,

      Defendant.

---

**STIPULATED PROTECTIVE ORDER**

---

This matter comes before the Court on the Parties' Stipulated Motion for Entry of Protective Order. The Court has reviewed that Motion and finds that the Motion is meritorious and acceptable. Therefore, IT IS ORDERED:

1.     The Parties have stipulated and agreed to the terms of and entry of this Stipulated Protective Order.

2.     Pursuant to Rule 26(c), this Stipulated Protective Order shall govern the handling of documents, materials, and information including without limitation, depositions, deposition exhibits, responses to any discovery requests, including responses to interrogatories, document requests, and requests for admissions and any other information produced, given or exchanged by and among the Parties and non-parties to this action.

3.     As used in this Stipulated Protective Order, "document" is defined as provided in Fed. R. Civ. P. 34(a).  A draft or non-identical copy is a separate document within the meaning of this term.

4.      Information designated "CONFIDENTIAL" shall be information that has previously been maintained in a confidential manner, is confidential and/or is entitled to protection under Fed. R. Civ. P. 26(c)(1), and that contains (a) personnel information concerning current and former employees of Defendant, to the extent that such information implicates privacy interests and is not generally known to the public; (b) proprietary business information of Defendant, including but not limited to financial information, operational data, business plans and competitive analyses and other sensitive information that, if not restricted as set forth in this Order, may subject the producing or disclosing person to competitive or financial injury or potential legal liability to third parties; (c) information containing trade secrets; (d) internal cost, compensation, recruiting and retention data; and (e) information relating to Plaintiff concerning personal and/or confidential matters not generally known to the public, such as, but not limited to, Plaintiff's financial and medical information. Documents designated as "CONFIDENTIAL" shall be first reviewed by a lawyer who will confirm that the designation is based on a good faith belief that the information is confidential or otherwise entitled to protection under Fed. R. Civ. P. 26(c)(1). Parties and attorneys designating documents as "Confidential" will be representing that such documents contain information the disclosure of which would implicate an important interest to be protected which outweighs the presumption of public access, and that they will be able to identify to the Court a clearly defined and serious injury that would result if access is not restricted, as required by D.C.COLO.LCivR 7.2(b)(2) & (3).

5.      CONFIDENTIAL documents, materials, and/or information (collectively "CONFIDENTIAL information") shall be used solely for the purpose of this action, and shall not, without the consent of the party producing it or further Order of the Court, be used, transferred,

disclosed, summarized, described, or communicated in any way, except that such information may

be disclosed to:

(a) attorneys actively working on this case;

(b) persons regularly employed or associated with the attorneys actively working on the

case whose assistance is required by said attorneys in the preparation for trial, at trial, or at other

proceedings in this case;

(c) the Parties, and their employees with a need to know;

(d) expert witnesses, consultants and investigators retained in connection with this

proceeding, to the extent such disclosure is necessary for preparation, trial or other proceedings in

this case;

(e) the Court, its employees and members of the Jury ("Court Personnel");

(f) stenographic reporters and videographers who are engaged in proceedings necessarily

incident to the conduct of this action;

(g) deponents, witnesses, or potential witnesses;

(h) individuals serving as mediators with regard to these proceedings;

(i) other persons by written agreement of the Parties; and

(j) Independent providers of document reproduction, electronic discovery or other

litigation services retained or employed specifically in connection with this lawsuit.

6.      Prior to disclosing any CONFIDENTIAL information to any person listed above

(other than counsel, persons employed by counsel, Court Personnel, stenographic reporters and

videographers), counsel shall provide such person with a copy of this Stipulated Protective Order

and obtain from such person an executed "Written Assurance" in the form attached hereto as

Exhibit A. All such written assurances shall be retained by counsel and shall be subject to *in camera* review by the Court if good cause for review is demonstrated by opposing counsel.

7.      No copies of CONFIDENTIAL documents and materials shall be made except by or on behalf of the persons listed in the subsections of paragraph 5 above.  To the extent such authorized persons require copies of CONFIDENTIAL documents or materials, any such copies shall be used solely for the purposes permitted hereunder.

8.      Documents are designated as CONFIDENTIAL by placing or affixing on them (in a manner that will not interfere with their legibility) the following or other appropriate notice: "CONFIDENTIAL."  Applying the "CONFIDENTIAL" marking to a document does not mean that the document has any status or protection by statute or otherwise except to the extent and for the purposes of this Order.

9.      In the event Electronically Stored Information ("ESI") is disclosed or discovered in the course of this litigation, including, but not limited to, ESI provided in a native format on hard disks or other magnetic data storage disks, removable disks and/or drives, portions thereof, or digital images of data storage disks or drives, such information may be designated as CONFIDENTIAL in a written communication or in an electronic mail message to the non-producing party or parties.

10.      Any Party who inadvertently fails to identify documents or information as CONFIDENTIAL shall, promptly upon discovery of its oversight, provide written notice of the error and substitute appropriately-designated documents.  Any Party receiving such improperly-designated documents shall promptly retrieve such documents from persons not entitled to receive

those documents and, upon receipt of the substitute documents, shall return or destroy the improperly-designated documents.

11.     Any Party who inadvertently discloses documents that are privileged or protected by the work product doctrine shall, promptly upon discovery of such inadvertent disclosure, so advise the receiving Party and request that the documents be returned. The receiving Party shall return such inadvertently produced documents, including all copies and copies the receiving Party provided to any other individual or entity, within 14 days of receiving such a written request.  The inadvertent disclosure or production of any information or document that is subject to an objection on the basis of attorney-client privilege or work-product protection, including, but not limited, to information or documents that may be considered Confidential Information under the Stipulated Qualified Protective Order, will not be deemed to waive a party's claim to its privileged or protected nature or estop that party or the privilege holder from designating the information or document as attorney-client privileged or subject to the work product doctrine at a later date.

12.     Before any Party submits documents, including motions, briefs, and exhibits, containing Confidential Discovery Material to the Court, that Party shall first determine whether it is feasible to redact as appropriate personal identifying information such as social security numbers and full names of non-party individuals with privacy interests so that the individual cannot be identified on basis of the exhibit itself, and other Confidential information to the extent feasible so that it is not necessary to file the material under restricted access.  If the presence of Confidential Discovery Material cannot be redacted sufficiently to avoid filing it under restricted access, the filing Party shall request that the submissions, or portions thereof, be filed under restricted access in accordance with Local Rule 7.2, including a motion to restrict access setting

forth the requirements of Local Rule 7.2(c)1-5.  The non-filing Party may also file a motion to restrict access if the filing party fails to do so.  The Parties shall attempt to agree on whether particular material must be filed with a motion to restrict access before it is filed.  To the extent that Court Rules governing the E-filing of documents modify the procedures for filing Confidential Discovery Material under restricted access, the Parties shall follow such rules.  All such materials so filed shall be released from confidential treatment only upon further order of the Court.

13.     Any request to restrict access must comply with the requirements of D.C.COLO.LCivR 7.2.

14.     Whenever a deposition involves the disclosure of CONFIDENTIAL information, the portions thereof that involve the disclosure of CONFIDENTIAL information shall be designated as CONFIDENTIAL and shall be subject to the provisions of this Stipulated Protective Order.  Such designation shall be made on the record during the deposition whenever possible, but a party may designate portions of depositions as CONFIDENTIAL after transcription, provided written notice of the designation is promptly given to all counsel of record within thirty (30) days after notice by the court reporter of the completion of the transcript. Transcript pages containing CONFIDENTIAL information must be separately bound by the court reporter, who must affix to the top of each such page the legend "CONFIDENTIAL," as instructed by the party or non-party offering or sponsoring the witness or presenting the testimony.

15.     A Party may object to the designation of particular CONFIDENTIAL information by giving written notice to the Party designating the disputed information.  The written notice shall identify the information to which the objection is made.  If the Parties cannot resolve the objection within ten (10) business days after the time the notice is received, it shall be the obligation of the

Party designating the information as CONFIDENTIAL to file an appropriate motion requesting that the Court determine whether the disputed information should be subject to the terms of this Stipulated Protective Order.  If such a motion is timely filed, the disputed information shall be treated as CONFIDENTIAL under the terms of this Stipulated Protective Order until the Court rules on the motion.  If the designating Party fails to file such a motion within the prescribed time, the disputed information shall lose its designation as CONFIDENTIAL and shall not thereafter be treated as CONFIDENTIAL in accordance with this Stipulated Protective Order.  In connection with a motion filed under this provision, the Party designating the information as CONFIDENTIAL shall bear the burden of establishing that good cause exists for the disputed information to be treated as CONFIDENTIAL.

16.     At the conclusion of this case, unless other arrangements are agreed upon, within sixty (60) business days after the final resolution each document and all copies thereof which have been designated as CONFIDENTIAL shall be returned to the Party that designated it CONFIDENTIAL, or the Parties may elect to destroy CONFIDENTIAL documents.  Where the Parties agree to destroy CONFIDENTIAL documents and materials, the destroying Party shall certify in writing that the CONFIDENTIAL documents and materials have been destroyed.

17.     This Order is subject to modification by the Court on its own motion or on the motion of any party or any other person with standing concerning the subject matter.  The Order must not, however, be modified until the parties have been given notice.

18.     The Court's jurisdiction to enforce the provisions of this Order will terminate on the final disposition of this Lawsuit.  A party may file a motion to seek leave to reopen the case to enforce the provisions of this Order.

19.     This Stipulated Protective Order shall not be construed as a waiver of any right to object to the authenticity, admissibility or confidentiality of any evidence at trial nor shall it be deemed or construed as a waiver of any right to object to the furnishing of information in response to any discovery request.   This Stipulated Protective Order shall also not be deemed or construed as a waiver of the attorney/client privilege, work product doctrine, or any other privilege or of the rights of any party, person or entity to oppose the production of any documents or information on any grounds.   Further, nothing in this Stipulated Protective Order shall be construed to limit, restrict or otherwise affect the ability of any party to seek the production of documents, testimony or information from any source.

20.     Nothing in this Stipulated Protective Order shall preclude any party from filing a motion seeking further or different protection from the Court under Rule 26(c) of the Federal Rules of Civil Procedure, or from filing a motion with respect to the manner in which Confidential Information shall be treated at trial.

21.     This Stipulated Protective Order shall not constitute or be deemed to constitute an admission by either of the stipulating parties or a determination by the Court as to any contested issue in this case, including, without limitation, the existence or non-existence of a privacy interest or privilege relating to said Confidential Information or its admissibility at trial or limit the parties' rights to object to the disclosure of Confidential Information at the trial in this matter or in discovery or litigation of this matter.

DATED and entered in Denver, Colorado this 17th day of _____April_____, 2015.

BY THE COURT:

_____
Craig B. Shaffer
United States Magistrate Judge

APPROVED AS TO FORM:

| | |
|---|---|
| BERENBAUM WEINSHIENK, PC | MARTINEZ LAW GROUP, P.C. |
| By: _/s/ Rosemary Orsini_ | By: _/s/ Meghan W. Martinez_ |
|     Rosemary Orsini |     Meghan W. Martinez |
|     370 Seventeenth Street, Suite 4800 |     Dayna L. Dowdy |
|     Denver, Colorado 80202 |     720 South Colorado Boulevard |
|     Telephone: (303) 592-8305 |     South Tower, Suite 1020 |
|     Fax: (303) 629-7610 |     Denver, Colorado 80246 |
| |     Telephone: (303) 597-4000 |
| |     Fax:  (303) 597-4001 |
| | |
| ATTORNEY FOR PLAINTIFF | ATTORNEY FOR DEFENDANT |

**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO**

Civil Action No. 14-cv-03130-WYD-CBS

WILLIAM WRIGHT,

      Plaintiff,

v.

XCEL ENERGY SERVICES INC.,

      Defendant.

---

**EXHIBIT A TO PROTECTIVE ORDER – WRITTEN ASSURANCE**

---

I, _____ the undersigned, hereby declare that:

I reside at _____ in the City of _____, County of _____, State of _____. My telephone number is _____.

I acknowledge that I have been informed that a Stipulated Protective Order issued by the Court in the above captioned civil action requires confidentiality with respect to information designated as "CONFIDENTIAL" and therefore I agree to keep all such information and materials strictly and absolutely confidential, and in all other respects be bound by the provisions of the Stipulated Protective Order.

Executed on _____      _____
           (Date)                         (Signature)